HYUNSUK ALBERT CHANG (SBN 206270)
Email: albertchang@aclawfirm.net
MARIAM ALAMI SAQEBI (SBN 312972)
Email: mariam.saqebi@aclawfirm.net
LAW OFFICES OF ALBERT CHANG
1225 W. 190th Street, Suite 420
Gardena, CA 90248
Telephone: (310) 769-6836
Facsimile: (310) 769-6787

Attorneys for Plaintiff SANG SOOK HONG, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG SOOK HONG, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LUXURY DIVAS CORPORATION, a New Jersey corporation, doing business as LUXURY DIVAS; SPRING IMPORT, INC., a New York corporation; WAL-MART STORES, INC., a Delaware corporation, dba WALMART; AMAZON.COM, LLC, a Delaware limited liability company, doing business as AMAZON; NEWEGG, INC., a Delaware corporation; and DOES 1 through 50, <br><br> Defendants. | Case No. <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff SANG SOOK HONG ("Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief as follows:

**COMPLAINT**
- 1 -

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is, and at all times herein mentioned was, an individual residing in the County of Los Angeles and the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant LUXURY DIVAS CORPORATION, doing business as LUXURY DIVAS ("LUXURY DIVAS"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 333 Morris Street, Phillipsburg, New Jersey 08865, which is authorized to do business, and is doing business in the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant SPRING IMPORT, INC. ("SPRING IMPORT") is, and at all times mentioned was, a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 991 Flushing Avenue, Brooklyn, New York 11206, which is authorized to do business, and is doing business in the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART STORES, INC., doing business as WALMART ("WALMART"), is, and at all times mentioned was, a corporation organized and existing under

the laws of the State of Delaware, with its principal place of business located at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201, which is authorized to do business, and is doing business in the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant AMAZON.COM, LLC, doing business as AMAZON ("AMAZON"), is, and at all times mentioned was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109, which is authorized to do business, and is doing business in the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant NEWEGG, INC., ("NEWEGG"), is, and at all times mentioned was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 17560 Rowland Street, City of Industry, California 91748, which is authorized to do business, and is doing business in the State of California.

10. Defendants DOES 1 through 50, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 50, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment, and actively participated in or subsequently

ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIM RELATED TO DESIGN JMT-1002

12. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile and garment printing, which is set forth hereinbelow. Plaintiff allocated this artwork her internal design number JMT-1002 (hereinafter referred to as the "Subject Design A"). This artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

13. Plaintiff applied for and received a United States Copyright Registration for the Subject Design A.

14. Plaintiff is informed and believes and thereon alleges that SPRING IMPORT and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of the Subject Design A (hereinafter referred to as the "Subject Product A") to LUXURY DIVAS. LUXURY DIVAS and certain DOE Defendants also then created, sold, manufactured, caused to be manufactured, imported, and/or distributed the Subject Product A to certain retailers, including, but not limited to, WALMART, which then sold said garments to the public. Plaintiff is informed and believes and thereon alleges that LUXURY DIVAS also sold said garments to the public.

15. A comparison of the Subject Design A and the Subject Product A below makes apparent that the elements, colors, composition, arrangement, layout, and appearance of the designs are substantially similar.

| Subject Design A | Subject Product A |
|---|---|
| Detail | Detail |
| Design | Garment |

16. Plaintiff is informed and believed and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights,

such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. §504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## CLAIM RELATED TO DESIGN JMD-1034

17. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile and garment printing, which is set forth hereinbelow. Plaintiff allocated this artwork her internal design number JMD-1034 (hereinafter referred to as the "Subject Design B"). This artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

18. Plaintiff applied for and received a United States Copyright Registration for the Subject Design B.

19. Plaintiff is informed and believes and thereon alleges that SPRING IMPORT and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of the Subject Design B (hereinafter referred to as the "Subject Product B") to LUXURY DIVAS. LUXURY DIVAS and certain DOE Defendants also then created, sold, manufactured, caused to be manufactured, imported, and/or distributed the Subject Product B to certain retailers, including, but not limited to, WALMART, AMAZON, and NEWEGG, which then sold said garments to the public. Plaintiff is informed and believes and thereon alleges that LUXURY DIVAS also sold said garments to the public.

20. A comparison of the Subject Design B and the Subject Product B below makes apparent that the elements, colors, composition, arrangement, layout, and appearance of the designs are substantially similar.



21. Plaintiff is informed and believed and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights,

**COMPLAINT**
- 7 -

such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. §504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

22. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs A and B (collectively referred to as the "Subject Designs") through (a) access to Plaintiff's showroom and/or design library, (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation, international and/or overseas converters and printing mills, (c) access to Plaintiff's strike-offs and samples, and/or (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs.

24. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs

and by producing, distributing, and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

26. Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered substantial damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement as alleged herein, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. §504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement
– Against All Defendants)

30. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants' and each of their acts of contributory and vicarious infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants' and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement as alleged herein, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. §504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against all Defendants with respect to each claim for relief as follows:

1. That Defendants, and each of them, and their respective agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;
2. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, under the Copyright Act, 17 U.S.C. §504(b), or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §504(c);
3. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act, 17 U.S.C. §101 et seq.;
4. That Plaintiff be awarded pre-judgment interest as allowed by law;
5. That Plaintiff be awarded the costs of this action; and
6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Date: August 1, 2017          LAW OFFICES OF ALBERT CHANG

By:  /s/ Hyunsuk Albert Chang
     Hyunsuk Albert Chang
     Mariam Alami Saqebi
     Attorneys for Plaintiff
     SANG SOOK HONG